CJA 22
(9/76)

**APPOINTMENT OF COUNSEL UNDER THE CRIMINAL JUSTICE ACT**

**UNITED STATES DISTRICT COURT**
for the

Southern District of California

FILED
OCT 0 2 2013
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Register No. __10576-111__
U.S. Court Docket No. __06CR02133__

IN THE MATTER OF STATEMENT OF
☐ (PAROLEE) ☑ (MANDATORY RELEASEE)

**STATEMENT OF PAROLEE OR MANDATORY RELEASEE CONCERNING APPOINTMENT OF COUNSEL UNDER THE CRIMINAL JUSTICE ACT**

13mj3691

I, __Michael Johnson__, having been fully advised of the charges against me and of my rights as set forth in the attached copy of the ☐ Notice of Pending Dispositional Review ☑ Warrant Application ☐ Summons to Appear understand that I may apply to the United States District Court for appointment of counsel to assist or represent me in this matter before the United States Parole Commission, and that such representation by counsel will be furnished to me if the judicial officer determines I am financially unable to obtain attorney representation;

Pursuant to such notification concerning appointment of counsel,

1. _____ I do not wish to apply to the District Court for appointment of counsel.
2. __Michael Johnson__ I do hereby apply to the District Court for appointment of counsel and in connection with this application I state as follows concerning my financial condition:

I am .................................................. Employed _____ Unemployed ☑ ✓
If employed, state weekly income ............................. $ 0
If self-employed, state average weekly income ............... $ 0
Cash on hand and in bank ...................................... $ 0
Number of dependants ........................................... 0
Property owned: _____

I certify the above to be correct.

_____
(Signature of Applicant)

Witness:

_____ __SR. USPO__
Signature                Title

DATE: __10/1/13__

A false or dishonest answer to a question in this application may be punishable by fine or imprisonment or both, (18 U.S.C. § 1001).

U.S. Department of JusticeUnited States Parole Commission

# Preliminary Interview and Revocation Hearing Form

## Part One

**Instruction to Interviewing Officer:** At the beginning of the preliminary interview, the interviewing officer shall give a copy of part one to the alleged violator and have the alleged violator read and acknowledge the following explanation of procedures.

**Explanation of Procedures:** *General Overview.* The purpose of the preliminary interview is to assist the Parole Commission in deciding whether there is probable cause to believe that you violated a release condition. At the interview, the interviewing officer will read to you each charge on the warrant/summons application, and will briefly describe the information supporting the charge. The officer will then ask you to admit or deny the charge, and to indicate your answer by initialing in the space provided on the warrant/summons application. You may explain your answer and give the officer your version of the events that are the subject of the alleged violation, and present the testimony of voluntary witnesses and documentary evidence. If you want a voluntary witness to testify for you, you are responsible for having the witness appear for the interview. You may also present reasons why you should be released pending a revocation hearing even if the Commission finds probable cause for the violation charges. The officer will prepare a written summary of the interview for the Commission's review and will send you a copy of the summary. If the Commission finds probable cause, the Commission will decide whether to order a revocation hearing to make a final determination of the charge against you.

*Opportunity to Request Postponement.* The officer will conduct the preliminary interview at this time unless you ask for a postponement to obtain an attorney and/or a witness. The postponement will not exceed thirty days.

*Attorney Representation.* You may be represented by an attorney at the preliminary interview. If you cannot afford an attorney and want legal assistance, you may complete Form CJA-22 to request the local U.S. District Court to appoint an attorney to represent you. The interviewing officer will give you a Form CJA-22, and after you fill out the form, the officer will send it to the court.

If you waive representation by an attorney at your preliminary interview, at the end of the interview you may complete Form CJA-22 to request appointment of an attorney to represent you at a revocation hearing if the Commission finds probable cause for a violation. You must complete the form no later than 15 days prior to the revocation hearing. The completed form will not be submitted to a U.S. District Court until the Commission determines the location of the revocation hearing.

*Opportunity to request adverse witnesses.* By completing the relevant section of this form, you may request the presence at a postponed preliminary interview of an adverse witness who has given information upon which revocation may be based. Your request must satisfy the following conditions: (a) you must deny the allegation on which the witness is expected to testify; and (b) you must not have been convicted of the offense that would be the subject of the witness's testimony. Even if these conditions are met, the Commission may deny a request for an adverse witness if you admit to, or have been convicted of, a violation that is as serious as the alleged violation on which the adverse witness would testify, or if the Commission finds good cause for denying your request. If the Commission approves your request, the Commission will arrange for the appearance of the adverse witness at a postponed preliminary interview. If you request a postponement of the preliminary interview to obtain the appearance of an adverse witness, the Commission's normal practice is to conduct the postponed preliminary interview as a local revocation hearing. Your supervising U.S. Probation Officer will normally be present at a postponed preliminary interview if you are being held in your district of supervision.

___ *(Initials)* I have read (or had read to me) the above Explanation of Procedures, and I fully understand my procedural rights for the preliminary interview.

*(Initial one)*

____ I want to proceed with my preliminary interview at this time. I waive representation by an attorney for the interview.

____ I want to proceed with my preliminary interview at this time. I have an attorney present to represent me.

____ I request a postponement of my preliminary interview. I want to obtain an attorney and/or the appearance of witnesses. I understand that the Commission may decide to conduct the postponed interview as a combined preliminary interview/local revocation hearing.

*(Complete the following if you want to request or present witnesses for the preliminary interview)*

I request the following adverse witnesses:

_____

_____

_____

I will present the following voluntary witnesses:

ALEX _____

DR DAVIS _____ 619 823 7103

JESSE G_____ 858 397 3976

_____

_____    10-1-13
*(Signature of Parolee/Mandatory Releasee)*      *(Date)*

_____    10/1/13
*(Signature of Interviewing Officer)*      *(Date)*

Part Two

Instructions to the Interviewing Officer: This part is to be completed by the alleged violator at the conclusion of the preliminary interview. The officer shall provide a copy of this part to the alleged violator and have the alleged violator read and acknowledge the following explanation of procedures.

Explanation of Procedures: *General Overview.* The purpose of the revocation hearing is to determine: (a) whether the preponderance of the evidence shows that you violated the conditions of your release; (b) whether your release should be revoked; and (c) if your release is revoked, whether you should be imprisoned for the violation or given some other disposition. A hearing examiner of the Parole Commission conducts the revocation hearing. The procedures described in part one of this form for preliminary interviews -- opportunity to testify, opportunity to present documentary evidence and voluntary witnesses, and representation by an attorney -- also apply at revocation hearings. You also have the opportunity to confront and cross-examine an adverse witness, as described in part one, but only at a local revocation hearing. The Commission will not require that an adverse witness attend an institutional revocation hearing.

*Local vs. Institutional Hearing.* If the Commission orders you to be held for a revocation hearing, ordinarily you will be transferred to a federal institution for this hearing unless you request, by completing this form, a local revocation hearing. The Commission will grant a request for a local revocation hearing if you deny all the charges against you, and you have not been convicted of an offense committed while under supervision. In other cases, the Commission will grant a request for a local revocation hearing if it finds good cause to do so. For example, the Commission may order a local revocation hearing if you admit (or have been convicted of) one or more charged violations but you deny a charge that has not been adjudicated and you request the presence of an adverse witness regarding the contested charge.

If you do not request a local revocation hearing on this form, and you are transferred to a federal institution for a revocation hearing, the Commission will consider your decision not to make the request as a binding waiver of the opportunity for a local revocation hearing.

*Appearance of Witnesses.* In support of any request for a local revocation hearing, you should indicate in the space provided below any adverse witness you want to appear and any voluntary witness you plan to present at the hearing. The Commission will arrange for the appearance of an adverse witness unless your request for the witness does not meet the qualifying conditions as described in part one, or there is good cause to deny your request. In addition, you may ask that the Commission subpoena to a local revocation hearing a witness who has refused to appear voluntarily. The Commission will grant such a request if you are able to show that the appearance of such a witness is necessary to the proper disposition of your case, and that the testimony cannot be obtained through an affidavit or letter from the witness. You are responsible for the appearance of a voluntary witness at the revocation hearing.

___ *(Initials)* I have read (or had read to me) the above Explanation of Procedures, and I fully understand my procedural rights for a revocation hearing.

1. Institutional or local revocation hearing: *(initial one)*

___ I request that a revocation hearing after my return to a federal institution, if I am not ordered released by the Commission.

___ I request a local revocation hearing, if I am not ordered released by the Commission. My reasons for requesting a local hearing are as follows:

WAS & AM NOT IN VIOLATION OF THE CHARGES. WAS GAINFULLY EMPLOYED. FOLLOWED ALL RULES.

2. Representation by an attorney. *(Initial one)*

_oWj_ I want representation by an attorney at a revocation hearing and *(initial one)*

    [ ] I will employ the attorney at my expense, or

    [X] I am unable to afford an attorney. I will be represented by my appointed attorney or I am requesting a court to appoint an attorney for me. WHO IS ALEX LANDON

_____ I waive representation by an attorney at a revocation hearing.

3. Witnesses.

I request the following adverse witnesses:

_____

_____

_____

I will present the following voluntary witnesses:

JESSE GIVENS — 858 392 3974

DARLENE _____ — 619 823 7108

ALEX LANDON — _____

_____

_(Signature)_     10-1-13
(Signature of Parolee/Mandatory Releasee)     (Date)

_(Signature)_     10/1/13
(Signature of Interviewing Officer)     (Date)

(Instructions to the Interviewing Officer: Distribute the original and copies of this form as follows: (1) the original to the Commission; (2) a copy to the U.S. Marshal to be delivered to the institution along with the prisoner; (3) a copy to be retained by the Probation Officer, and (4) a copy to be delivered to the prisoner.)

Queued: 09-30-2013 10:18:31 USPO-Southern District of California |